UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 09-11-GWU


DIANE BARRETT,                                                          PLAINTIFF,


VS.                            **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                     DEFENDANT.


## INTRODUCTION

Diane Barrett brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Supplemental Security Income (SSI).

The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.  Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2.  If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3.  The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

1

09-11  Diane Barrett

Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.

1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir.

1997).

Review of the Commissioner's decision is limited in scope to determining

whether the findings of fact made are supported by substantial evidence.  Jones v.

Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir.

1991).  This "substantial evidence" is "such evidence as a reasonable mind shall

accept as adequate to support a conclusion;" it is based on the record as a whole

and must take into account whatever in the record fairly detracts from its weight.

Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the

Commissioner has improperly failed to accord greater weight to a treating physician

2

09-11  Diane Barrett

than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

3

09-11  Diane Barrett

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work.  Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to

make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition,

a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

09-11  Diane Barrett

accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Barrett, a 52-year-old former nurse's aide and day care center caretaker with a high school education, suffered from impairments related to chronic low back pain and right leg pain, being status post three discectomy surgeries for recurrent disc herniation at L5-S1, shortness of breath secondary to allergies and nicotine abuse, and mild scoliosis. (Tr. 20, 23).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 21-23).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 24).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  The ALJ erred in evaluating the medical evidence.  However, the current record also does not mandate an immediate award of SSI.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the plaintiff.

09-11  Diane Barrett

The ALJ determined that Barrett was limited exertionally to light level work, restricted from a full range by such non-exertional limitations as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally climb stairs or ramps, or perform bending, twisting, stooping, kneeling, balancing, crouching or crawling; (3) a need to avoid aerobic activities such as running, jumping, or fast-paced assembly lines; and (4) a need to avoid exposure to concentrated dust, gases, fumes, chemicals, smoke, temperature extremes, vibrations, excess humidity, exposure to heights and exposure to industrial hazards. (Tr. 21-22).  When these restrictions were presented to Vocational Expert Linda Sparrow she identified a significant number of jobs which could still be performed. (Tr. 386-387).   The ALJ relied upon this information to support the administrative decision.

Dr. John Gilbert, Barrett's treating neurosurgeon, identified far more severe physical restrictions than those found by the ALJ in February of 2007.  Dr. Gilbert indicated that the plaintiff would not be able to lift or carry more than ten pounds occasionally.  (Tr. 329).  The doctor also reported that the claimant would not be able to sit for more than 30 minutes, stand for more than 30 minutes or walk for more than 30 minutes.  (Id.).  Bending, squatting, crawling  and climbing were all precluded.  (Id.).  The ALJ rejected these restrictions as not being well supported in the medical record.  (Tr. 21).  However, the doctor noted that a November, 2006

8

09-11  Diane Barrett

MRI scan of the lumbar spine indicated that the last disc in Barrett's back was completely worn out.  (Tr. 290).  The plaintiff had undergone lumbar laminectomy on three occasions.  (Id.).  Thus, at least some objective medical data supported Dr. Gilbert's opinion.

Dr. Mark Burns examined Barrett in November of 2004.  (Tr. 249-257).  Dr. Burns found that the plaintiff did not suffer from any physical restrictions.  (Tr. 253-256).  The doctor based this finding on the claimant's physical and orthopedic examinations which were within normal limits.  (Tr. 251).  However, while Barrett told Dr. Burns about her history of back pain and the results of several MRI scans, the doctor does not appear to have had the opportunity to see for himself these MRI results.  (Tr. 249).  The doctor certainly did not have the opportunity to see and review the numerous exhibits which came after his November 2004 review, including the November, 2006 MRI scan which was obtained by Dr. Gilbert, the treating neurosurgical specialist.  Therefore, Dr. Burns does not provide objective evidence to support the administrative decision.

Dr. James Ramsey (Tr. 184-195) and Dr. Humilidad Anzures (Tr. 196-205), the non-examining medical reviewers, each reported that Barrett could still perform a restricted range of light level work.  The ALJ's findings were consistent with these opinions.  An ALJ may rely upon the opinion of a non-examiner over an examining source when the non-examiner clearly states the reasons for his differing opinion.

9

09-11  Diane Barrett

Barker v. Shalala, 409 F.3d 789, 794 (6th Cir. 1994).  If the examiner is also a treating source, Social Security Ruling 96-6p suggests that the non-examiner must have seen a complete record which included a report from a specialist who had access to more detailed and comprehensive information then the treating source. In the present action, Dr. Ramsey saw the record in August of 2003 and Dr. Anzures saw it in December of 2003.  Thus, neither reviewer had the opportunity to see a complete record.  Therefore, these reports also do not provide support for the administrative decision and a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion to this limited extent and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 9th day of October, 2009.

**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**

10